ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CLEMENTINE BUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| | ) 1:04-cv-3261-CAM |
| vs. | ) |
| | ) |
| SPELMAN COLLEGE, | ) |
| ARAMARK MANAGEMENT SERVICES, | ) |
| LIMITED PARTNERSHIP DBA | ) |
| ARAMARK SERVICEMASTER | ) |
| FACILITY SERVICES, | ) |
| ROBERT D. FLANIGAN, JR. | ) |
| JOHN BOWEN, AND GARY PERRY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**<u>DEFENDANTS SPELMAN, FLANIGAN AND BOWDEN'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

COMES NOW Defendants Spelman College ("Spelman"), Robert D.

Flanigan, Jr. ("Flanigan") and John Bowden ("Bowden") (incorrectly

identified in the caption as "John Bowen") (collectively referred to herein as

"Defendants") in response to the Complaint filed by Plaintiff Clementine

Bush ("Plaintiff" or "Ms. Bush"), and hereby answers as follows:

## FIRST DEFENSE

Some or all of Plaintiff's allegations fail to state a claim upon which relief may be granted against Defendants; therefore, the Complaint should be dismissed and denied in its entirety.

## SECOND DEFENSE

Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), are barred to the extent such claims were not made the subject of an administrative charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") within one hundred eighty (180) days after the alleged violation of Title VII occurred.

## THIRD DEFENSE

Plaintiff's Title VII claims are barred to the extent that Plaintiff failed to initiate litigation with respect to those claims within ninety (90) days of receiving a Notice of Right-to-Sue from the EEOC and failed to fulfill all the conditions precedent to maintaining this action.

## FOURTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff unreasonably failed to avail herself of policies and practices to prevent and remedy alleged gender harassment.

2

## FIFTH DEFENSE

Plaintiff's state law claims are barred because the conduct complained of, if it occurred, was not within the scope of the actors' employment. As a result, Defendants are not liable for this alleged conduct.

## SIXTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to initiate this action within the applicable statute of limitations.

## SEVENTH DEFENSE

Plaintiff is not entitled to recover any punitive damages because the alleged discriminatory employment decisions were not made by Defendants and are contrary to Defendants' good faith efforts to comply with federal law.

## EIGHTH DEFENSE

Plaintiff is not entitled to recover any punitive damages because neither Spelman, nor any of its officers, trustees, or employees, including Flanigan and Bowden, committed any knowing, wanton, intentional, recklessly indifferent, or malicious act, and because Defendants did not authorize or ratify any such act.

3

## NINTH DEFENSE

Plaintiff is not entitled to recover any punitive damages because Defendants did not act with malice or reckless indifference for Plaintiff's rights.  Further, any imposition of punitive damages under the claims alleged would constitute a denial of due process under the United States and Georgia Constitutions.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff has failed to mitigate her damages.

## ELEVENTH DEFENSE

Plaintiff is not entitled to recover any compensatory damages because Defendants did not intentionally engage in any unlawful employment practice.

## TWELFTH DEFENSE

Plaintiff is not entitled to recovery compensatory, general, special and/or punitive damages, and her allegations with respect thereto should be stricken because such damages are speculative and/or have not been pled with sufficient particularity.

4

### THIRTEENTH DEFENSE

The conduct alleged by Plaintiff does not rise to the level of extreme and outrageous.

### FOURTEENTH DEFENSE

Plaintiff cannot prove that damages she allegedly suffered were caused or ratified by the Defendants.

### FIFTEENTH DEFENSE

Spelman affirmatively pleads that it was not Plaintiff's employer. Therefore, neither Spelman, Flanigan nor Bowden made any decisions regarding, or had any influence on, any of Plaintiff's terms and conditions of employment.

### SIXTEENTH DEFENSE

Some or all of the claims asserted in the Complaint may be barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

### SEVENTEENTH DEFENSE

Plaintiff's claims are preempted, in whole or in part, by the principles of workers' compensation exclusivity.

ATL/1095889.4

## GENERAL DENIAL

All allegations contained in the Complaint not expressly admitted, are herein denied.

## SPECIFIC RESPONSES

Responding to the specific numbered paragraphs of the Complaint, and using the same numbered paragraphs that appear therein, Defendants answer as follows:

## INTRODUCTION

1.

Defendants admit that Plaintiff has brought this action under Title VII of the Civil Rights Act of 1964, as amended, and various Georgia state laws, but deny the remaining allegations contained in paragraph 1 of the Complaint and deny that Plaintiff is entitled to any relief whatsoever.

6

## JURISDICTION

2.

Defendants admit that jurisdiction is vested in the Court under 28 U.S.C. §§ 1331 and 1376(a), but deny that Plaintiff has a legitimate cause of action thereunder.

## PARTIES

3.

Defendants admit that Plaintiff is a female but lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.

Defendants admit that Spelman is a non-profit corporation incorporated in the State of Georgia. Spelman further admits that it is an "employer" within the meaning of 42 U.S.C. § 2000e(b), but denies that it was Plaintiff's employer. Spelman admits that it is an "educational institution" within the meaning of 20 U.S.C. § 1681 and that it can be served through its Registered Agent, Beverly Daniel Tatum, 350 Spelman Lane SW, Atlanta, Georgia 30314. Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

7

5.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6.

Defendants admit that Robert D. Flanigan ("Flanigan") is a Vice President and Treasurer of Spelman College, and that Plaintiff is suing Flanigan in his individual and official capacities. Defendants further admit that Flanigan can be served at Spelman College, 350 Spelman Lane, Atlanta, Georgia 30314. Defendants deny the remaining allegations contained in paragraph 6 of the Complaint.

7.

Defendants admit that John Bowden ("Bowden") can be served at Spelman College, 350 Spelman Lane, Atlanta, Georgia 30314 and that he is being sued in his official and individual capacities. Defendants deny the remaining allegations contained in paragraph 7 of the Complaint.

8.

Defendants admit that Gary Perry ("Perry") is being sued in his individual and official capacities. Defendants deny that Perry can be served

at Spelman. Defendants further deny the remaining allegations contained in paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore deny the allegations.

10.

Defendants admit that Aramark (at that time named ServiceMaster, subsequently purchased by and renamed Aramark) became a cleaning contractor for Spelman on or about August of 2001. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and therefore deny the allegations.

11.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore deny the allegations.

12.

Defendants deny the allegations contained in paragraph 12 of the Complaint.

13.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore deny those allegations.

14.

Defendants deny the allegations contained in paragraph 14 of the Complaint.

15.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore deny the allegations.

16.

Defendants admit that the second cleaning shift works approximately 2pm until 10pm, and that the day shift works approximately 7am to 3:30pm. Defendants lack knowledge or information sufficient to form a belief as to

10

the truth of the remaining allegations contained in paragraph 16 of the Complaint and therefore deny those allegations.

### 17.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore deny those allegations.

### 18.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore deny those allegations.

### 19.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore deny those allegations.

### 20.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore deny those allegations.

21.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore deny those allegations.

22.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore deny those allegations.

23.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore deny those allegations.

24.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore deny those allegations.

25.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore deny those allegations.

26.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore deny those allegations.

27.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and therefore deny those allegations.

28.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore deny those allegations.

29.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore deny those allegations.

30.

Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.

Defendants deny that they terminated the Plaintiff, as they where not her employer. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint and therefore deny those allegations.

32.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore deny those allegations.

14

33.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore deny those allegations.

34.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore deny those allegations.

35.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore deny those allegations.

36.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore deny those allegations.

ATL/1095889.4

37.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and therefore deny those allegations.

38.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and therefore deny those allegations.

39.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and therefore deny those allegations.

40.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and therefore deny those allegations.

ATL/1095889.4

41.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and therefore deny those allegations.

42.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore deny those allegations.

43.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and therefore deny those allegations.

44.

Defendants deny the allegations as to Spelman, Flanigan and Bowden contained in paragraph 44 of the Complaint as Perry was not a Spelman employee. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Complaint and therefore deny those allegations.

17

45.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and therefore deny those allegations.

46.

Defendants deny the allegations as to Bowden contained in paragraph 46 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Complaint and therefore deny those allegations.

47.

Defendants deny the allegations as to Flanigan contained in paragraph 47 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint and therefore deny those allegations.

48.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore deny those allegations.

ATL/1095889.4

49.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and therefore deny those allegations.

50.

Defendants deny the allegations as to Flanigan contained in paragraph 50 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Complaint and therefore deny those allegations.

51.

Defendants deny the allegations as to Flanigan contained in paragraph 51 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of the Complaint and therefore deny those allegations.

52.

Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.

Defendants deny the allegations as to Flanigan and Bowden contained in paragraph 53 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Complaint and therefore deny those allegations.

54.

Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.

Defendants deny the allegations as to Flanigan and Bowden contained in paragraph 55 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint and therefore deny those allegations.

56.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and therefore deny those allegations.

57.

Defendants deny the allegations as to Flanigan and Bowden contained in paragraph 57 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the Complaint and therefore deny those allegations.

58.

Defendants deny the allegations as to Spelman contained in paragraph 58 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint and therefore deny those allegations.

59.

Defendants deny the allegations as to Spelman, Flanigan and Bowden contained in paragraph 59 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of the Complaint and therefore deny those allegations.

21

60.

Defendants deny the allegations as to Flanigan and Bowden contained in paragraph 60 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the Complaint and therefore deny those allegations.

61.

Defendants deny the allegations as to Spelman, Flanigan and Bowden contained in paragraph 61 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of the Complaint and therefore deny those allegations.

62.

Defendants deny the allegations as to Spelman contained in paragraph 62 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of the Complaint and therefore deny those allegations.

ATL/1095889.4

63.

Defendants deny the allegations as to Flanigan and Bowden contained in paragraph 63 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the Complaint and therefore deny those allegations.

64.

Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.

Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.

Defendants deny the allegations contained in paragraph 66 of the Complaint.

67.

Defendants deny the allegations contained in paragraph 67 of the Complaint.

ATL/1095889.4

## FIRST CLAIM

## GENDER HARASSMENT UNDER TITLE VII

68.

Defendants incorporate their answers to paragraphs 1-67 as their answer to paragraph 68 of the Complaint.

69.

Defendants deny the allegations as to Flanigan and Bowden contained in paragraph 69 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69 of the Complaint and therefore deny those allegations.

70.

Defendants deny the allegations contained in paragraph 70 of the Complaint.

71.

Defendants deny the allegations contained in paragraph 71 of the Complaint.

ATL/1095889.4

72.

Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.

Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint and therefore deny those allegations.

75.

Defendants deny the allegations as to Spelman contained in paragraph 75 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 75 of the Complaint and therefore deny those allegations.

76.

Defendants deny the allegations contained in paragraph 76 of the Complaint.

ATL/1095889.4

77.

Defendants deny the allegations contained in paragraph 77 of the Complaint.

## **SECOND CLAIM**

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

78.

Defendants incorporate their answers to paragraphs 1-77 as their answer to paragraph 78 of the Complaint.

79.

Defendants deny the allegations contained in paragraph 79 of the Complaint.

80.

Defendants deny the allegations contained in paragraph 80 of the Complaint.

81.

Defendants deny the allegations contained in paragraph 81 of the Complaint.

ATL/1095889.4

82.

Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.

Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.

Defendants deny the allegations contained in paragraph 84 of the Complaint.

## THIRD CLAIM

## NEGLIGENT HIRING, RETENTION AND SUPERVISION OF DEFENDANTS ROBERTS

85.

Defendants incorporate their answers to paragraphs 1-84 as their answer to paragraph 85 of the Complaint.

86.

Defendants deny the allegations contained in the first paragraph numbered 86 of the Complaint.

27

ATL/1095889.4

86.

Defendants deny the allegations contained in the second paragraph numbered 86 of the Complaint.

87.

Defendants deny the allegations as to Flanigan and Bowden contained in paragraph 87 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 87 of the Complaint and therefore deny those allegations.

88.

Defendants deny the allegations as to Spelman, Flanigan and Bowden contained in paragraph 88 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 88 of the Complaint and therefore deny those allegations.

89.

Defendants deny the allegations as to Spelman, Flanigan and Bowden contained in paragraph 89 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining

28

allegations contained in paragraph 89 of the Complaint and therefore deny those allegations.

90.

Defendants deny the allegations as to Spelman, Flanigan and Bowden contained in paragraph 90 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 90 of the Complaint and therefore deny those allegations.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in this section, including the lettered paragraphs.

WHEREFORE, having fully answered the Complaint, Defendants request the following relief:

1.    That the Complaint be dismissed;

2.    That judgment be entered in favor of Defendants and against Plaintiff;

3.    That the costs of this action be taxed against Plaintiff;

4.    That Defendants be awarded their costs, attorneys' fees and

expenses incurred in defending this action; and

5.    That the Court award any other such relief as it deems just and

proper.

Respectfully submitted,

*Melissa B. Garrett*

Weyman T. Johnson
Georgia Bar No. 395775
Melissa B. Garrett (Luftig)
Georgia Bar No. 460774
Paul, Hastings, Janofsky & Walker
LLP
600 Peachtree Street, N.E.
Suite 2400
Atlanta, Georgia 30308
Telephone:  (404) 815-2400
Facsimile:  (404) 815-2424

Attorneys for Defendants Spelman
College, Robert D. Flanigan and John
Bowden

ATL/1095889.4

30

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CLEMENTINE BUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. |
| | ) 1:04-cv-3261-CAM |
| vs. | ) |
| | ) |
| SPELMAN COLLEGE, | ) |
| ARAMARK MANAGEMENT SERVICES, | ) |
| LIMITED PARTNERSHIP DBA | ) |
| ARAMARK SERVICEMASTER | ) |
| FACILITY SERVICES, | ) |
| ROBERT D. FLANIGAN, JR. | ) |
| JOHN BOWDEN, AND GARY PERRY, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing

**DEFENDANTS SPELMAN, FLANIGAN, AND BOWDEN'S ANSWER**

**AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

has been served upon Plaintiff by first class mail, postage prepaid, addressed

as follows:

> Sandra Jackson Sheppard
> Sheppard & Associates
> 1401 Peachtree Street, Suite 500

Atlanta, Georgia 30309

This 25th day of March, 2005

_Melissa B. Stinett_

Attorneys for Defendants Spelman
College, Robert D. Flanigan and John
Bowden

ATL/1095889.4